Brian K. MARKS and Jennifer D. Marks, as individuals and on behalf of all others similarly situated, Plaintiffs,

v.

GLOBAL MORTGAGE GROUP INC., a corporation, First Union National Bank of Delaware, a national bank, and Homeq Servicing Corporation, a corporation, Defendants.

Civ.A. No. 6:02–0911.

United States District Court, S.D. West Virginia, Parkersburg Division.

Nov. 21, 2003.

Bren J. Pomponio, Mountain State Justice, Inc., Charleston, WV, for Brian K. Marks and Jennifer D. Marks.

Kenneth E. Tawney, Jackson Kelly PLLC, Charleston, WV, for Wachovia Bank of Delaware.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the court is the Defendant Wachovia's Objections to the Magistrate Judge's Order compelling discovery of the non-public personal information of the defendant's customers. For the reasons that follow, the court **AFFIRMS** the Magistrate Judge's order.

## I BACKGROUND

On July 2, 2002, the plaintiffs filed a complaint alleging various statutory and common law violations arising out of the defendants' lending, loan brokerage, and loan servicing practices, including (1) violations of the Truth in Lending Act, the Equal Credit Opportunity Act, and the West Virginia Consumer Protection Act; (2) various fraudulent lending practices; (3) the unauthorized practice of law; and (4) breach of the duty of good faith and fair dealing.

In April or May of 2000, the plaintiffs were solicited by a loan agent for Global Mortgage Group, Inc. (Global Mortgage) to refinance their second mortgage. Plaintiffs' Memorandum in Response to Defendant's Objections to Magistrate Judge's Order (Plaintiffs' Memorandum) at 2. The agent allegedly told the plaintiffs that their existing financing terms were unfair, that he would try to obtain a lower interest rate than their existing financing, and that their new payments would be $325 a month. *Id.* at 2–3. After the plaintiffs applied for a loan to make home improvements, the agent allegedly informed the plaintiffs that he could not obtain a loan for the amount that they requested, but that he had negotiated the "best loan we could get you." *See id.* at 3.

The plaintiffs closed the loan on July 3, 2000. *Id.* The plaintiffs claim that at closing they were informed of several important details about the loan for the first time. The loan terms included a prepayment penalty, which the plaintiffs assert was unexpected because Global Mortgage's agent had convinced them that the prepayment penalty in their original loan was exploitive. *Id.* at 4. The plaintiffs also allegedly learned that the interest rate on the new loan did not appear to be significantly lower than the interest rate on their former loan. *Id.* at 3. In addition, the plaintiffs say they discovered that their new loan contained a balloon payment. *Id.* The plaintiffs claim that when they expressed concern about these loan provisions, Global Mortgage's agent represented that the loan could be refinanced in twelve months, resulting in an improvement in the interest rate and avoidance of the balloon payment. *Id.* at 3–4. The plaintiffs allege that they subsequently inquired about refinancing their loan at a lower interest rate, but the defendants refused. *Id.* at 5.

The plaintiffs also claim that the principal amount listed in their Note and Deed of Trust included impermissible finance

charges, that the loan documents given to them by the defendants contained confusing and contradictory disclosures, and that Mr. Marks did not receive a copy of the material disclosures as required by law.[1] *Id.* at 4. Finally, the plaintiffs assert, on their own behalf and on behalf of a class of similarly situated individuals, that the note issued by the defendants fails to provide the disclosures required for balloon notes by West Virginia law. *See id.* at 4–5; Complaint at 19.

To acquire information related to their fraud claims, the plaintiffs sent interrogatories and requests for documents to defendants Wachovia and Homeq seeking information about loans that the defendants had issued to other customers. The defendants objected to these discovery requests. The plaintiffs filed a Motion to Compel Discovery on April 2, 2003 [Docket 51] and the Magistrate Judge heard oral argument on June 9, 2003. *See* Magistrate Judge's Order June 10, 2001 (Magistrate Judge's Order). The disputed interrogatories and requests are as follows:

> Interrogatory # 1. Please list the name, address and telephone number of each borrower to whom First Union National Bank of Delaware (now Wachovia Mortgage Corporation), and HomEq Servicing Corporation and/or their predecessors made home equity loans in West Virginia during the calendar years 1999, 2000 and 2001.
>
> Interrogatory # 2. Of the individuals identified in Interrogatory Number One, how many were brokered by Defendant, Global Mortgage? For each such borrower, please provide the name, address, and telephone number.
>
> Request # 1. For each of the borrowers listed above in your answer to Interrogatory Number One and Two, please produce the following documents:
> a) Loan Application;
> b) Disclosure Statement;
> c) Note;
> d) Good Faith Estimate;

e) Settlement Summary; and
f) Appraisal

> Request # 2. Copies of all balloon Notes made with West Virginia borrowers for the five years proceeding this action.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." At oral argument, the plaintiffs asserted that evidence of similar loan transactions carried out by the defendant Wachovia[2] is discoverable pursuant to Rule 26(b)(1) because the evidence is relevant to the plaintiffs' claims of fraud arising out of the defendant's alleged predatory lending practices. Magistrate Judge's Order at 2. The defendant objected that the information and documents sought by the plaintiffs were not germane to the claims and defenses asserted in the pleadings, that the information constituted non-public personal financial information subject to protection under the Gramm–Leach–Bliley Act, 15 U.S.C. § 6801 *et seq.*, and that production would be unduly burdensome. *Id.*

The Magistrate Judge found the information and documents sought by the plaintiffs were discoverable from the defendant Wachovia pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. Magistrate Judge's Order at 3. The Magistrate Judge reasoned that evidence of similar transactions carried out by the defendant was relevant to the plaintiffs' claims and noted that discovery of such information is routinely allowed in predatory lending cases. *Id.* In addition, the Magistrate Judge found that the information sought by the plaintiffs was not protected by the Gramm–Leach–Bliley Act. *Id.* The Magistrate Judge did, however, limit discovery to "information and documents as requested in the above discovery for home equity loans of West Virginia borrowers, which home equity loans were made in the years 1999, 2000 and 2001 and had (1) balloon notes and/or (2) were brokered by Defendant Global Mortgage Group, Inc." *Id.*

---

**1.** Ms. Marks did receive a copy of the material disclosures.

**2.** The plaintiffs conceded at the hearing that they did not seek to compel discovery from Homeq at this time.

The Magistrate Judge also ordered that the information and documents be produced pursuant to a protective order agreed to by the parties. The defendant Wachovia submitted objections to the Magistrate Judge's order on June 24, 2003 [Docket 60] and the plaintiffs filed a response to the defendant's objections [Docket 65]. The defendants subsequently entered a Motion to Supplement Objections to the Magistrate Judge's Order [Docket 74]. The court **GRANTS** the Motion to Supplement Objections.

## II THE DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

■ Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's order on a non-dispositive matter shall not be modified or set aside unless it is "clearly erroneous or contrary to law." A district court should reverse a magistrate judge's decision in a discovery dispute as "clearly erroneous" only if the district court is left with a definite and firm conviction that a mistake has been made. *See Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va.1994).

The defendant maintains that the Magistrate Judge erroneously found that the Gramm–Leach–Bliley Act (GLBA) does not prohibit the defendant from disclosing its customers' non-public personal financial information. In addition, the defendant argues that even if the Gramm–Leach–Bliley Act does not prohibit disclosure of the personal information of its customers, the Magistrate Judge's order was nevertheless erroneous because the information sought is irrelevant to the plaintiffs' claims.

### A. The Gramm–Leach–Bliley Act

The GLBA was enacted to provide procedures for financial institutions "(1) to insure the security and confidentiality of consumer records and information; (2) to protect against any anticipated threats or hazards to the security or integrity of such records; and (3) to protect against unauthorized access to

or use of such records or information which could result in substantial harm or inconvenience to any customer." 15 U.S.C. § 6801(b) (2003). Accordingly, the GLBA requires a financial institution to give its customers notice and an opportunity to opt out of disclosure before releasing any customer's "nonpublic personal information to a non-affiliated third party." *Id.* at § 6802. This opt-out requirement, however, is subject to express exceptions. *Id.* at § 6802(e). Section 6802(e)(8) of the Act permits the disclosure of nonpublic personal information

> to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; or to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law.

It is uncontested that the defendant, Wachovia, qualifies as a "financial institution" under the statute and that the information the plaintiff seeks to discover constitutes the "nonpublic personal information" of Wachovia's customers. *See* 15 U.S.C. § 6809(4); 16 C.F.R. §§ 313.3(k)(1), 313.3(*o*)(1). It is also clear that the plaintiffs are "non-affiliated third part[ies]." 16 C.F.R. § 313.3(m)(1). The contested issue is whether the disclosure of nonpublic personal information to a non-affiliated third party to comply with civil discovery is permitted by § 6802(e)(8). The Fourth Circuit has not addressed this issue.[3]

The Magistrate Judge found that the GLBA does not prohibit the disclosure of non-public personal information "to comply with Federal, State, or local laws, rules, and other applicable legal requirements." *See* 15 U.S.C. § 6802(e)(8). Based on this exception, the Magistrate Judge ordered the defendant to comply with the plaintiffs' discovery requests. *See id.;* 16 C.F.R. § 313.15(a)(7)(i). The court agrees that

---

**3.** In fact, only one reported federal court opinion has discussed the GLBA in the context of a motion to compel discovery. *See Union Planters Bank, N.A. v. Gavel,* 2003 WL 1193671, *2 (E.D.La.2003) *Union Planters,* however, did not address the exceptions raised by the plaintiffs in this case.

§ 6802(e)(8) of the GLBA permits the defendant to disclose the information sought by the plaintiffs, but for reasons different from those of the Magistrate Judge. The language in § 6802(e)(8) permitting disclosure "to comply with Federal, State, or local laws, rules, and other applicable legal requirements" refers to the numerous federal and state statutes, rules, and legal requirements that regulate the financial industry. The purpose of this exception is to allow financial institutions to comply with these various laws and requirements without fear of violating the GLBA. The language does not create an exception for the disclosure of information in the course of civil discovery.

However, section 6802(e)(8) also allows disclosures made "to respond to *judicial process* or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law." 15 U.S.C. § 6802(e)(8) (emphasis added). The plaintiffs contend that this language creates an independent "judicial process" exception to the opt-out provision that applies to civil discovery. The defendant asserts that the only "judicial process" exception envisioned by Congress is one relating to "examination, compliance or other purposes as authorized by law" by those entities having jurisdiction over financial institutions. *See id.*

■ The court **FINDS** that 15 U.S.C. § 6802(e)(8) permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request. The phrase "to respond to judicial process" is syntactically separate and distinct from the phrase "to respond to ... government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law." *See* § 6802(e)(8). Thus, the "judicial process" exception is independent from, and in addition to, the exception permitting disclosure to comply with a government regulatory investigation. Furthermore, the legislative history indicates that the House Bill, which added the privacy protections to the GLBA, envisaged an independent judicial process exception. *See* H.R. 74, 106th Cong. 93, 108–09,

124 (1999) (discussing a judicial process exception without reference to "government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law"). When a party must disclose information pursuant to a discovery request, the party is responding to judicial process. Thus, under the judicial process exception, the defendant may disclose its customers' nonpublic personal information in response to the plaintiffs' discovery request.

■ Furthermore, even if the GLBA included no exception for civil discovery, the mere fact that a statute generally prohibits the disclosure of certain information does not give parties to a civil dispute the right to circumvent the discovery process. The Court of Appeals for the District of Columbia has compelled discovery of information protected by non-disclosure statutes similar to the GLBA. *See Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C.Cir.1987); *Freeman v. Seligson*, 405 F.2d 1326, 1349 (D.C.Cir.1968). In *Laxalt*, the court considered whether the non-disclosure provision of the Privacy Act contemplated a heightened discovery standard. *See* 809 F.2d at 888–89. The Privacy Act prohibits government agencies from disclosing certain records without consent from the person to whom the records pertain. 5 U.S.C. § 552a(b). There is an exception, however, for information disclosed pursuant to a court order. *Id.* at § 552a(b)(11). The *Laxalt* court rejected the argument that the "court order" exception prohibited any discovery absent a showing of actual need, rather than mere relevance. *See* 809 F.2d at 888.

Similarly, in *Freeman*, the Court of Appeals for the District of Columbia found that the non-disclosure provision of the Commodity Exchange Act did not bar disclosure of protected information for discovery purposes. *See* 405 F.2d at 1348. Section 8 of the Commodity Exchange Act states that the Secretary of Agriculture may not "publish" information about individuals' business transactions, trade secrets, and the names of customers. *Id.* The court found that

[i]n the absence of a specific prohibition against disclosure in judicial proceedings, such as Congress set forth in some stat-

utes, clear and strong indication is required before it may be implied that the policy of prohibition is of such force as to dominate the broad objective of doing justice. That kind of indication is not provided by Section 8 where both the language used and the statutory setting plainly reflect Congressional concern with widespread dissemination of information not otherwise available to the public, and not with disclosure in judicial proceedings.

*Id.* at 1348–49.

The GLBA, like the Privacy Act and the Commodity Exchange Act, does not clearly prohibit the disclosure of information for discovery purposes; in fact, the Act permits disclosures made to respond to judicial process. Therefore, the Federal Rules of Civil Procedure govern the disclosure of information protected by the Act. The court recognizes, however, that Congress has expressed a strong interest in protecting the privacy of consumers' financial information. For that reason, it is appropriate for a court to exercise its broad discretion to fashion protective orders. *See Laxalt*, 809 F.2d at 889; *Freeman*, 405 F.2d at 1348. Thus, the court agrees with the Magistrate Judge that a protective order is appropriate.

**B. Relevance**

■ The defendant also argues that the Magistrate Judge's decision is clearly erroneous because information about other customers with balloon notes is not relevant to the plaintiffs' claims and because the plaintiffs' claims focus on representations made by employees of the broker rather than the actions of Wachovia.[4] The plaintiffs have made fraud claims against both the broker, Global Mortgage, and the lender, Wachovia, and seek to determine through evidence of similar transactions whether Wachovia participated in a pattern and practice of fraud. The Magistrate Judge found that evidence of similar transactions was relevant to the plaintiffs' claims and therefore, discoverable pursuant to Federal Rule of Civil Procedure

26(b)(1). In response to the defendant's assertion that production would be burdensome, however, the Magistrate Judge limited discovery to information about home equity loans made to West Virginia borrowers in 1999, 2000, and 2001 that (1) had balloon notes and/or (2) were brokered by Global Mortgage. The court **FINDS** that the Magistrate Judge's findings are not clearly erroneous.

**IV CONCLUSION**

The Magistrate Judge found that the defendant's compliance with the discovery requests does not violate the GLBA and that the information the plaintiffs seek is relevant to the plaintiffs' claims, but limited the scope of the discovery sought by the plaintiffs. In addition, the Magistrate Judge required that the parties agree to a protective order. The court **FINDS** that none of these findings or limitations are clearly erroneous. Accordingly, the court **AFFIRMS** the decision of the Magistrate Judge.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and **DIRECTS** the Clerk to post this published opinion at *http://www.wvsd.uscourts.gov.*

---

4. The defendant also argues that personally-identifiable information of the members of the proposed class of balloon note holders should not be released until a class is properly certified. The court will address the plaintiffs' motion for class

certification by separate order. Nonetheless, pursuant to the Magistrate Judge's order, this information is discoverable as to the plaintiffs' individual fraud claims.