Houston, J.
The plaintiff, Stanley Really Holdings, LLC (“Stanley”), brought this action, pursuant to G.L.c. 40A, §17, c. 40B, §§21, seeking review of two decisions by defendant Watertown Zoning Board of Appeals (“Board”). The complaint also names as defendants the owner and developers of the property subject to those decisions by the Board (“Beacon defendants”). The Beacon defendants challenge Stanley’s standing to bring this suit. For the following reasons, the plaintiffs motion for leave to take depositions is DENIED, and defendants’ cross motion for protective order staying certain discovery is ALLOWED.
BACKGROUND
Stanley and the Beacon defendants each propose residential development projects in Watertown, Massachusetts. The projects are proposed for abutting parcels of land. Stanley’s proposal is currently the subject of litigation in the Superior Court in Suffolk County, as well as in Land Court. The Beacon defendants’ proposal is the subject of the present case.
Part of the land comprising Stanley’s proposed site is not owned by Stanley. Rather, it is the subject of a “Memorandum of Understanding” entered into by another entity, Lincoln Property Company Southwest (“Lincoln”). Stanley states that Lincoln has assigned its interest under the MOU to Stanley. However, the “closing” under the MOU has not occurred. The Beacon defendants contend that Stanley lacks standing to bring this suit because it cannot demonstrate that it has a legal interest in the abutting property.
DISCUSSION
The Beacon defendants ask this Court for a protective order staying all discoveiy except as to the issue of standing. Where good cause is shown, the Court “may make any order which justice requires to protect a party . . . from undue burden or expense.” MassR.Civ.P. 26(c). The Beacon defendants have made a sufficient showing here. Only a “person aggrieved” by a decision has standing to appeal that decision. G.L.c. 40A, §17; see Harvard Square Defense Fund, *469 Inc. v. Planning Board of Cambridge, 27 Mass.App.Ct. 491, 492-93 (1989). “ ‘Aggrieved person’ standing is a jurisdictional prerequisite.” Barvenik v. Board of Alderman of Newton, 33 Mass.App.Ct. 129, 131 (1992).
It would be an undue burden on the Beacon defendants to require them to engage in complex and costly discovery while the preliminaiy question of standing is unresolved. It is reasonable and in the interests of justice to allow a brief delay to address this potentially dispositive question.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs motion for leave to take depositions is DENIED, and the defendants’ cross motion for protective order staying certain discovery is ALLOWED. All discovery, except that relating to plaintiffs standing to maintain this suit, is hereby stayed for 90 days.