# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00153-SCT

*CAPITAL ONE SERVICES, INC., AND CAPITAL ONE BANK*

 *v.*

*EARTHA PAGE*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/10/2005 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | FRED L. BANKS, JR. |
| | JAMES W. SHELSON |
| | REBECCA HAWKINS |
| | KENNETH J. GRIGSBY |
| ATTORNEYS FOR APPELLEE: | A. REGNAL BLACKLEDGE |
| | DAVID SHOEMAKE |
| NATURE OF THE CASE: | CIVIL - CONTRACTS |
| DISPOSITION: | AFFIRMED AND REMANDED - 11/16/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Eartha Page filed suit in the Covington County Circuit Court on September 12, 2003, against Capital One Services, Inc., and Capital One Bank (collectively Capital One). The suit was based on Capital One's alleged failure to disclose certain terms of a credit card account with Page, which included numerous fees and charges and resulted in a significant increase in the amount she owed Capital One. Page made discovery requests for a list of all

Mississippians who were issued accounts from January 1, 1999, to April 13, 2004, utilizing acceptance certificate forms identical to the one she completed. She also requested the forms themselves. After Capital One objected to this request, Page filed a motion to compel. The circuit court granted her motion in part, limiting its scope and ruling that Capital One would not have to produce the actual forms at that time. On Motion for Reconsideration the trial court further limited its ruling to place restrictions on how the compelled information could be used, and ordered "an appropriate confidentiality order in a form agreed to by the parties to be submitted to and entered by the court." Although the trial court denied certification for interlocutory appeal, it did stay further proceedings pending appeal. Capital One's challenge to this discovery ruling is the only issue now before this Court on this interlocutory appeal which we granted. See M.R.A.P.5.

**FACTS**

¶2. Page's amended complaint against Capital One alleged failure to disclose essential terms of the Mastercard account agreement with Capital One, breach of contract, breach of Capital One's duty of good faith and fair dealing, fraudulent inducement, and gross negligence in managing the account. Page claimed that Capital One's failure to disclose information regarding membership fees, payment protection, past due fees, over limit fees, finance charges and the interest rate resulted in the accumulation of debt that she should not have to pay. Specifically, Page claimed that from approximately July of 2000 to January of 2001, charges totaling about $243 were made against her account, that she had paid approximately $647 on the account, and still owed approximately $1,474.

2

¶3.    The case proceeded to the discovery phase, and Page requested that Capital One produce a list of the names, addresses, and telephone numbers of all Mississippians who completed the same form she completed, known as a form 4136 acceptance certificate, and who were issued an account during the five year period from January 1, 1999 until April 13, 2004. Page also requested that Capital One produce the form 4136 acceptance certificates completed by each of these persons. Capital One objected, arguing, inter alia, that the request was overly broad in scope and time period, was unduly burdensome and was not reasonably calculated to lead to the discovery of admissible evidence. Further, and most notably, Capital One argued that Page's requests sought disclosure of information protected and precluded by the Gramm-Leach-Bailey Act, 15 U.S.C. §§ 6801-6809 (2006) (hereafter GLBA).

¶4.    The trial court granted Page's motion to compel in part, limiting the scope of the request to cover only names and addresses of Mississippians who had completed the form within a two-year period between July 1999 and June 30, 2001. Subsequently, on motion for reconsideration, the trial court specifically and strictly set forth limitations as to how and by whom the information obtained could be used. The court's order required the parties to prepare an agreed confidentiality agreement, and provided directions as to certain provisions which must be included. (See ¶19, infra). The order denied the request to compel Capital One's production of the actual form 4136 acceptance certificates. From that order on motion to reconsider, Capital One filed this interlocutory appeal contending the trial judge erred because the GLBA protects the information sought in Page's request, and because the request was not reasonably calculated to lead to the discovery of admissible evidence.

3

**ANALYSIS**

¶5.     In its order denying the motion for reconsideration, the trial court noted that this Court had withdrawn its opinion in an earlier case which "concluded that the GLBA prevented the discovery of non-public information from customer files of financial institutions." Further noting that a similar ruling by a Louisiana federal district court was vacated on other grounds, the trial court also pointed out that "three other jurisdictions have found the GLBA not to be a bar to discovery in similar situations" and concluded "that in the absence of binding authority to the contrary the discovery here at issue should be permitted with appropriate limitations as to confidentiality and use."

##    I.    THE GLBA

¶6.     This Court applies a de novo standard of review to statutory interpretation. *Warren v. Johnston,* 908 So. 2d 744, 746 (Miss. 2005). The trial court is afforded considerable latitude in handling discovery matters, and its order will not be disturbed absent an abuse of discretion. *City of Jackson v. Internal Engine Parts Group, Inc.,* 903 So. 2d 60, 65 (Miss. 2005). The GLBA contains a statement of policy regarding protection of nonpublic personal information, as follows:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a). The statute goes on to state:

> Except as otherwise provided in this subchapter, a financial institution may not, directly or through any affiliate, disclose to a nonaffiliated third party any

4

nonpublic personal information, unless such financial institution provides or has provided to the consumer a notice that complies with section 6803 of this title.

15 U.S.C. § 6802(a). However, Congress also provided general exceptions to the notice and opt out provisions of Section 6802, including the following:

(8) to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; or to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law.

15 U.S.C. § 6802(e)(8).

¶7. There are two schools of thought concerning the application of this statute to discovery in civil suits. Capital One argues that the purpose of the GLBA is to protect the privacy of customers of financial institutions and that to allow circumvention of the privacy protections contained in the act would negate much of its effectiveness. It maintains that to permit a court to order disclosure of private information to a private plaintiff would eviscerate the protections established by the GLBA.

¶8. On the other hand, Page wants this Court to adopt the approach applied by the highest courts in West Virginia and Alabama, as well as federal district courts in Texas and West Virginia. These courts have decided that the judicial process exception in 15 U.S.C. § 6802(e)(8) allows for discovery of customer information in civil cases. *See Choate v. State Farm Lloyds,* No. Civ. A. 3:03-CV-2111-M, slip op. at 4 (N.D. Tex. May 5, 2005); *Marks v. Global Mortgage Group, Inc.,* 218 F.R.D. 492, 496 (S.D.W. Va. 2003); *Ex parte Nat'l W.*

***Life Ins. Co.,*** 899 So. 2d 218, 226 (Ala. 2004); ***Martino v. Barnett,*** 595 S.E.2d 65, 72 (W. Va. 2004). One basis for this view is articulated in ***Martino,*** 595 S.E.2d at 71:

> The legislative history indicates that the House Bill, which added the privacy protections to the GLBA, envisaged an independent judicial process exception. *See* H.R. 74, 106th Cong. 93, 108-09, [202] (1999) (discussing a judicial process exception without reference to "government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes authorized by law").

***Ex parte Mutual Savings Life Insurance Co.,*** 899 So. 2d 986, 992-93 (Ala. 2004), states another reason for this approach:

> A plain reading of the GLBA reveals that the phrase "to respond to judicial process" is independent from the phrase "to respond to ... government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes authorized by law." See 15 U.S.C. § 6802(e)(8). Clearly, when a party discloses information pursuant to a court order, the party engages in a judicial process. See ***Ex parte Nat'l Western Life Ins. Co.,*** 899 So. 2d 218 (Ala. 2004)(providing a thorough explanation of the reasons civil discovery falls within the judicial-proceedings exception to the GLBA).

¶9. Additionally, in an amicus brief in support of Page, the Mississippi Trial Lawyers Association (MTLA) argues that if this Court adopts the view Capital One advocates, the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691(a)(1), Fair Housing Act (FHA), 42 U.S.C. §§ 3605 and 3617, Civil Rights Act of 1964 (CRA), 42 U.S.C. §§ 1981, 1982, and § 2000(a-1)-2000(e-4), and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, will essentially be rendered void. For example, the requirements of a prima facie claim under the FHA, 42 U.S.C. §§ 3605 and 3617 and the ECOA, 15 U.S.C. § 1691(a)(1) include a showing by the claimant that: (1) he or she is a member of a protected class; (2) he applied for

and was qualified for a loan;  (3) the loan application was rejected despite his or her qualifications;  and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff.  *See, e.g., **Michigan Prot. and Advocacy Serv., Inc. v. Babin**,* 18 F.3d 337, 346 (6th Cir. 1994).  The same four elements are required to make a prima facie case under the CRA.  *See, e.g., **Selden Apartments v. United States Dep't of Hous. & Urban Dev.,*** 785 F.2d 152, 159 (6th. Cir. 1986).  In addition, the RICO statute requires the claimant to show a pattern of racketeering activity.  18 U.S.C. § 1962(b). The MTLA argues that if this Court accepts Capital One's interpretation of 15 U.S.C. § 6802(e)(8), then the claimant will not be able to show a pattern of behavior to make out a prima facie case under the ECOA, the FHA, the CRA, and the RICO.

¶10.  This Court has stated "[o]ur duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case."  *Pope v. Brock,* 912 So. 2d 935, 937 (Miss. 2005).  Further, the polestar consideration for this Court is legislative intent.  *Miss. Gaming Comm'n v. Imperial Palace of Miss., Inc.,* 751 So. 2d 1025, 1028 (Miss. 1999).  To reiterate, 15 U.S.C. § 6802(e)(8) is an exception to the general rule that the names and addresses cannot be released, and it explicitly says:

> to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; or *to respond to judicial process* or government regulatory authorities *having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law*.

The key inquiry is whether "judicial process" was meant to stand apart from the latter part of the sentence that states "having jurisdiction over the financial institution for examination, compliance, or other purposed as authorized by law."

¶11.    The contrary view is that the words "judicial process" stand apart from the rest of the sentence, meaning that the exception applies when a financial institution is acting to comply with judicial process, and/or when a government regulatory authority is investigating the institution. *See Marks,* 218 F.R.D. at 496.

¶12.    When reading 15 U.S.C. § 6802(e)(8) on its face, both views represent fair interpretations.   The legislative history reveals the discussion of a stand alone judicial process exception without reference to government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes authorized by law. *Martino,* 595 S.E.2d at 71.

¶13.    Further, while Capital One's interpretation of 15 U.S.C. § 6802(e)(8) will not have as drastic an effect as the MTLA argues that it will,  it would make it more difficult to show a pattern of behavior when making a prima facie case under the ECOA, 15 U.S.C. § 1691(a)(1), FHA, 42 U.S.C. §§ 3605 and 3617, CRA, 42 U.S.C. §§ 1981, 1982, and 2000(a-1)-2000(e-4), and the RICO, 18 U.S.C. § 1962.   It is illogical to believe that Congress intended to undercut these federal statutes. *See Doe v. Bridgeport Police Dep't,* 198 F.R.D. 325, 341 (D. Conn. 2001) (Legislature is presumed to have intended a consistent body of law); *see also Fla. E. Coast Ry. v. United States,* 259 F. Supp. 993, 996 (M.D. Fla. 1966) ("It is incumbent upon [the

court] to seek to rationalize the statutes involved here and make of them, to the extent that what Congress has written will permit, a harmonious functional body of law").

¶14. Further, even if the words "judicial process" were not meant to be separated from "or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or *other purposes as authorized by law*", that catch-all at the end of the sentence clearly allows for other purposes authorized by law. Having jurisdiction for other purposes authorized by law would reasonably include responding to an order compelling discovery in a court that has jurisdiction over the financial institution in a civil case.[1] This interpretation of 15 U.S.C. § 6802(e)(8) is reasonable and faithful to the intent of Congress.

¶15. A major factor in this Court's decision in the present case is the specificity of the trial court's order requiring the parties to agree upon and prepare a confidentiality order to be entered by that court, "which shall provide, among other things" the following:

> that the list is provided solely for use in this litigation; that the information provided shall be held strictly confidential; that the list will not be used to solicit the persons on the list for any purpose including but not limited to legal representation; that the plaintiff's attorney shall not in the future represent persons whose names appear on the list against Capital One with respect to transactions similar to the one here in issue and which have occurred prior to production of the list unless permitted to do so by further order of this court; and that the list shall not be shared with any person other than counsel of record for plaintiff who shall all be bound by the terms of the confidentiality order.

## II. THE SCOPE OF DISCOVERY

---

[1] We could not find any authority to support this reading of the statute, or to denounce it. Rather, the cases focus on the judicial process exception.

¶16.    The scope of discovery is broad and non-privileged evidence is discoverable when it "appears reasonably calculated to lead to the discovery of admissible evidence." *West v. West,* 891 So. 2d 203, 219 (Miss. 2004) (citing M.R.C.P. 26(b)(1)). The trial court has considerable discretion relating to matters of discovery; its order will not be reversed unless there has been an abuse of that discretion. *Harkins v. Pascall ,* 348 So. 2d 1019, 1022 (Miss. 1997). This Court does not favor interlocutory appeals regarding discovery issues.

¶17.    Capital One contends that, even though the GLBA does not prohibit the release of the names and addressed of all Mississippians who completed a Form 4136 over the period of two years, the information is still outside the scope of discovery. On the other hand, Page argues the evidence sought is reasonably calculated to lead to the discovery of admissible evidence because she wants to know what disclosures were made to other Mississippians, if any, who completed a Form 4136. Apparently, Capital One produced "samples" of what they allege Page received pertaining to the credit account. Page asserts she never received these documents and seeks to ask other applicants if they received them to prove Capital One is incorrect or untruthful.

¶18.    Considering the wide discretion afforded to trial judges in making discovery decisions, we cannot say there was an abuse of discretion here. The evidence sought is probative to validate Page's claim that she did not receive adequate disclosures pertaining to her credit account with Capital One. If a significant number of applicants say they also did not receive such disclosures, it strengthens her claim. And the converse would, of course, be true. The

10

requested evidence could be probative of fraud should it reveal a clear pattern of non-disclosure. *See **Ex parte Allstate Ins. Co.,*** 401 So. 2d 749, 751 (Miss. 1981) ("Evidence of similar misrepresentations made to others by the defendant is admissible in a fraud action."). Moreover, this Court has stated that Mississippi law favors discovery, and limitations on discovery should be respected, but not extended. ***Elec. Data Sys. Corp. v. Miss. Div. of Medicaid,*** 853 So. 2d 1192, 1210 (Miss. 2003) (citing ***Dawkins v. Redd Pest Control Co.,*** 607 So. 2d 1232, 1235 (Miss. 1992)). Accordingly, we affirm the trial judge's discovery order.

## CONCLUSION

¶19. The GLBA does not prohibit the strictly limited disclosure in discovery of the names and addresses of other Mississippians who completed a Form 4136 identical to that completed by Page. This information is reasonably calculated to lead to admissible evidence. Therefore, we affirm the trial judge's order and remand this case to the trial court so the parties may prepare the agreed confidentiality order to be presented to, and entered by, the trial court prior to discovery.

¶20. **AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., DIAZ, EASLEY, CARLSON, DICKINSON AND RANDOPLH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**