Agnes, Peter W., J.
1. Background
This is a motion by which the defendant seeks access to certain documents in the possession of the plaintiffs insurer relating to “loss prevention” activities during the period prior to the fire which gave rise to the litigation. OnAugust 13,2001, a plant belonging to G&F Industries, Inc. (“G&F”) in Sturbridge, Massachusetts, sustained damages due to a fire on the premises. As a result, G&F is seeking to recover in excess of $10 million dollars from the defendants, Jeffco, Inc. (“Jeffco”) and Paint Pockets Company (“PPC”).
On April 20, 2005, as a part of discovery proceedings, Jeffco issued Mass.R.Civ.P. 30(b)(6) and Keeper of the Records subpoenas to Travelers Indemnity Property and Casualty Company (“Travelers”)[1] for production of information concerning loss prevention at depositions scheduled for May 10, 2005. A scheduling conflict prevented the 30(b)(6) deposition from occurring, and as a result, PPC served the second 30(b)(6) subpoena on Travelers.
Travelers sent Jeffco a response to their Keeper of the Records subpoena on August 9, 2005. Along with Travelers’s response was an enclosed letter from May 18, 2000 in which Travelers recommended to G&F the installation of a sprinkler system to adequately protect the building from the risk of fire. In addition to the enclosed May 18th letter, Travelers also disclosed the existence of two “Manufacturing-Risk Assessment Reports” and an “Engineering Activily Report”; however, Travelers objected to producing these documents “on the grounds that they contain proprietary and confidential information and were produced for internal use only.” The matter is now before this Court on Jeffco’s and PPC’s motion to compel discovery of the *480 “Manufacturing-Risk Assessment Reports” and the “Engineering Activity Report” from Travelers.
2. Discussion A. Relevance
In interpreting the scope of discovery under the Massachusetts Rules of Civil Procedure, the Supreme Judicial Court has followed the approach taken under the federal rules, and defined “relevant” evidence,
broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case .. . Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.
Cronin v. Strayer, 392 Mass. 525, 534 (1984), quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). “Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.” Meyer v. King, 1995 Mass.Super. LEXIS 13 (Mass.Super.Ct. 1995), quoting Miller v. Doctor’s Gen. Hosp., 76 F.R.D. 136, 138 (D.Okla. 1977). However, based on the limited record before me, it appears that the information that is sought through discovery of the “Manufacturing-Risk Assessment Reports” and the “Engineering Activity Report” could reasonably lead to the discovery of other matters that could bear on any issue that is or may be in the present case.
B. Privilege
In Massachusetts, “privileged matters are expressly excluded from the types of information that are discoverable under the broad standard of Rule 26(b)(1).” Lauriat et al., Discovery, 49 Massachusetts Practice Series §2.5, at 68-69 (2001). “Such privileges diminish the evidence before the court, and contravene the fundamental principle that ‘the public . . . has a right to every man’s evidence.’ ” United States v. Bryan, 339 U.S. 323, 331 (1950), quoting 8 J. Wigmore, Evidence §2192, at 64 (3d ed. 1940). As a result, privileges “must be strictly construed, and accepted ‘only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.’ ” Three Juveniles v. Commonwealth, 390 Mass. 357, 359-60 (1983), quoting Elkins v. United States, 364 U.S. 206, 234 (1960) (Frankfurter, J., dissenting).
“The burden of proving the existence of the privilege is on the party asserting the privilege,” United States v. Bay State Ambulance & Hosp. Rental Serv., 874 F.2d 20, 27-28 (1st Cir. 1989), quoting United States v. Wilson, 798 F.2d 509, 512-13 (1st Cir. 1986), the existence and applicability of which “is a question of fact for the judge.” In re Reorganization of Elec. Mut. Liab. Ins. Co., 425 Mass. 419, 421 (1997). Here, Travelers does not maintain that a recognized privilege bars disclosure of the material, but instead rests its argument on “grounds of confidentiality, public policy, and trade secrets.” Each of these claims will be considered separately.
(1)Confidentiality
Apart from describing the information in question as “confidential,” Travelers does not offer any underlying facts to support its claim of confidentiality. It has not, for example, pointed to any representation that it made to the plaintiff or anyone else that the information would remain confidential. “At the edge of relevancy, when the value to the investigation of a piece of demanded information is seen to be marginal, courts have been prepared to assess and allow as a counterweight the right to be exempt from all unauthorized, arbitrary or unreasonable inquiries and disclosures in respect of [a witness’s] personal and private affairs.” In the Matter of a Subpoena, 436 Mass. 784, 794 (2002) (quotation and citations omitted). Again, as noted above, on the record before the court, the items in question cannot be described as marginally relevant, and Travelers has not supplied any supporting facts to support its claim that the value of keeping the information confidential outweighs the interests of the defendant.
(2) Public Policy
Travelers has not offered the court any indication from legislation, regulations or research in the industry that the Commonwealth’s public policy favors a limitation on a party’s access to pre-event loss prevention materials in a case such as this. Thus, there is no basis to consider whether the issuance of a protective order is appropriate. See Mass.R.Civ.P. 26(c). Compare, “Where good cause is shown, the Court ‘may make any order which justice requires to protect a party . . . from undue burden or expense.’ ” Stanley Realty Holdings v. Watertown Zoning Bd. of Appeals, 18 Mass. L. Rptr. 468 (Mass.Super.Ct. 2004), quoting Mass.R.Civ.P. 26(c).
(3) Trade secret
Specifically, Mass.RCiv.P. 26(c)(7) addresses “trade secret[s] or other confidential research, developments], or commercial information.”
For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. See Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that “broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test”); see also San Jose Mercury News, Inc., 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that to gain a protective order the party must make “particularized showing of good *481 cause with respect to any individual document”). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing factors[2]).
Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).
Travelers has failed to show it would suffer any specific harm if it is required to produce the two “Manufacturing-Risk Assessment Reports” and the “Engineering Activity Report.” Therefore, in this case, good cause has not been shown to justify the issuance of a protective order.
ORDER
It is hereby ORDERED that the defendants’, Jeffco, Inc.’s and Paint Pockets Company’s, motion to compel discovery is ALLOWED.

 During the relevant time period, Travelers was G&F’s property insurer.

 “(1) [W]hether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting [sic] from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.” Glenmede Trust Co. v. Thompson, 56 F.3d at 483.