Agnes, Peter W., J.
INTRODUCTION
The Plaintiff, David Massad (“Massad”) brought an eleven-count complaint against Entrust Capital Management, Inc., Amit Mathur, and Rajeev Johar (collectively “Defendants” and individually, “Entrust,” “Mathur,” and “Johar” respectively), arising out of the Defendants’ alleged wrongful conduct in connection with the mishandling and misappropriation of Massad’s investment assets. This matter is now before the court on Massad’s Motion to Compel Compliance with a Subpoena Duces Tecum served upon non-party Kimball & Cross Investment Management Corporation (“K&C”) and K&C’s Cross Motion for a Protective Order. Massad maintains that he is entitled to documents concerning K&C’s customers while K&C claims privacy laws prohibit them from disclosing this information. For the reasons set forth below, both motions are ALLOWED.
BACKGROUND
During the period from around October 2000 through April 2005, Massad alleges that he entrusted approximately $15,000,000 to Mathur for the express purpose of investing on Massad’s behalf. Massad expressly instructed Mathur to invest those funds in a particular fashion. Massad alleges that Mathur did not make the promised investments but instead transferred Massad’s funds to a corporate bank account that Entrust owned and that Mathur and Johar controlled, and used the funds for personal and other expenses.
*593 Defendants then sent Massad what appeared to be account statements and letters respecting Massad’s Entrust account and its performance. These documents are alleged to contain false representations that Massad’s assets had been invested pursuant to his wishes and that they were appreciating in value.
In or around November 2000, Mathur encouraged Massad to open a brokerage account at LaSalle Street Securities, LLC (“LaSalle”), a brokerage company based in Illinois. Massad did so and Robert J. Zanotti (“Zanotti”) became Massad’s broker of record at LaSalle. In June 2001, however, Zanotti left LaSalle and became a broker in the Illinois office of K&C. In September 2001, Massad opened a brokerage account at K&C and Zanotti became his broker of record there.
Unbeknownst to Massad, Entrust maintained an account in its own name at K&C in which Mathur and Johar deposited a substantial portion of Massad’s money investment funds. With Mathur’s knowledge, Johar allegedly used these funds to engage in securities trading which resulted in the loss of a substantial portion of Massad’s investment funds. Moreover, Massad alleges Zanotti served as broker on Entrusts K&C account and agreed to give a 90% kickback to Mathur and Johar for the commissions that he earned incident to Entrust trading in its K&C account.
DISCUSSION
I. Standard of Review
Subpoenas duces tecum “are subject to supervision by the presiding judge to prevent oppressive, unnecessary, irrelevant, and other improper inquiry and investigation.” Cronin v. Strayer, 392 Mass. 525, 535-36 (Mass. 1984), citing In re Pappas, 358 Mass. 604, 612 (1971). “Where good cause is shown, the Court may make any order which justice requires to protect a party . . . from undue burden or expense.” Stanley Realty Holdings v. Watertown Zoning Bd. of Appeals, 18 Mass. L. Rptr. 468 (Mass.Super.Ct. 2004), quoting Mass.R.Civ.P. 26(c). The scope and timing of discovery is within a judge’s discretion, and the “prevention of discovery abuse ... is sufficient justification for the authorization of protective orders.” Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). “With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.” Herbert v. Lando, 441 U.S. 153, 177 (1979).
II. Motion to Compel Compliance with Subpoena Duces Tecum
K&C maintains that the items that have not been produced pursuant to Massad’s subpoena are nonpublic personal and financial records of other K&C customers and a former K&C employee. Additionally, K&C asserts that it may have provided these documents to the government and securities self-regulatory organizations, all of which are covered by privacy laws that bar production without a Protective Order.
The Gramm-Leach-Bailey Act of 2002 (“GLBA”), which is relied upon by both parties, prohibits financial institutions from disclosing the financial and personal information of their customers. It states in pertinent part:
§6801. Protection of nonpublic personal information
(a) Privacy obligation policy. It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers’ nonpublic personal information.
§6802
(e) General exceptions. Subsections (a) and (b) shall not prohibit the disclosure of nonpublic personal information—
(8) to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; or to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law.
See 15 U.S.C. §6801, 6802.
Massad claims that the exception to the GLBA exists here pursuant to §6802; this court agrees. While this Commonwealth’s courts do not appear to have had the opportunity to interpret the GLBA, and thus determine whether the exception would apply in instances such as the one before the court, many other jurisdictions have. This court concludes that there is a consensus view expressed in those other decisions, that the reasoning in those decisions is sound, and that there is no reason in Massachusetts law or public policy warranting a contrary conclusion.
In Marks v. Global Mortg. Group, Inc., the plaintiffs filed a complaint alleging violations arising out of defendants’ lending, loan brokerage, and loan servicing practices. 218 F.R.D. 492, 493 (D.W.Va. 2003). The court found that 15 U.S.C. §6208(e)(8) permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request. “The phrase ‘to respond to judicial process’ is syntactically separate and distinct from the phrase ‘to respond to . . . government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law.’ Thus, the ‘judicial process’ exception is independent from and in addition to the exception permitting disclosure to comply with a government regulatory investigation.” Id. at 496. See also Martino v. Barnett, 215 W.Va. 123, 130 (W.Va. 2004) (where the court stated “While we recognize that the *594 decision of the Marks court does not bind us, we find the reasoning in Marks regarding a judicial process’ exception to the GLBA very persuasive and compelling . . .”); Ex Parte Mut Sav. Life Ins. Co., 899 So.2d 986, 993 (Ala. 2004) (“The interpretation of the GLBA by the United States District Court in Marks is reasonable. We hold that by incorporating the phrase ‘to respond to judicial process,’ Congress created an exception applicable to situations in which the trial court orders the disclosure of a customer’s nonpublic personal information during discovery in a civil action”).
Our law of civil discovery is premised on the view that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, and that it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Mass.R.Civ.P. 26. Because the information Massad seeks from K&C is not privileged and is relevant to the subject matter involved in this case, K&C must produce the documents pursuant to the Subpoena Duces Tecum.
II. Cross Motion for Protective Order
While this court concludes that the exception to the GLBA creates an obligation upon K&C to produce the documents pursuant to the Subpoena Duces Tecum, it is not without limitation. Because the information sought contains sensitive personal and financial information of K&C customers having nothing to do with this litigation, the following Protective Order will govern the documents.
PROTECTIVE ORDER
The Court hereby ORDERS that the following procedures shall govern the production and exchange of all documents given or exchanged by K&C to Massad in the course of this action:
1. Counsel for K&C may designate as “Confidential — Attorneys’ Eyes Only” any files, documents, and information furnished by that parly in the course of pretrial discoveiy in this action which she believes in good faith constitutes or reveals the personal information or financial records of K&C customers not related to this litigation.
2. The designation by K&C’s attorney of any document, material or information as “Confidential— Attorneys’ Eyes Only” shall constitute a representation that such document, material or information has been reviewed by her and that, in such counsel’s opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a producing pariy’s inadvertent failure to designate material “Confidential — Attorneys’ Eyes Only” in accordance with the terms of this paragraph will not preclude a later designation (but no later than 30 days from original production) to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation. Information designated as “Confidential — Attorneys’ Eyes Only," may only be viewed by Massad’s counsel and may not be disclosed to Massad or to anyone else.
3. “Confidential — Attorneys’ Eyes Only” materials will be used by the receiving parly solely for purposes of preparing for and conducting the litigation of this action and any related action and any appellate proceedings in this action or any related appellate proceedings.
4. Any documents or other tangible materials designated as “Confidential — Attorneys’ Eyes Only” shall be so designated by stamping the same with the legend “Confidential — Attorneys’ Eyes Only,” or a substantially similar legend, at the time of their production.
5. Any Person may move the Court for a modification of or relief from this ORDER at any time upon notice to all parties.
ORDER
For the foregoing reasons, it is hereby ORDERED that Massad’s Motion to Compel Compliance with Subpoena Duces Tecum be ALLOWED and K&C’s Cross Motion for a Protective Order be ALLOWED. All requests for costs and attorneys fees are DENIED.