# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CP-01361-SCT

*KENTON HAL McNEESE*

*v.*

*KATHERINE J. McNEESE (GRAVES)*

DATE OF JUDGMENT: 07/19/2012
TRIAL JUDGE: HON. M. RONALD DOLEAC
COURT FROM WHICH APPEALED: LAMAR COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT: KENTON H. McNEESE (PRO SE)
ATTORNEY FOR APPELLEE: SHEILA H. SMALLWOOD
NATURE OF THE CASE: CIVIL - DOMESTIC RELATIONS
DISPOSITION: AFFIRMED - 10/10/2013
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, C.J., CHANDLER AND KING, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Kenton McNeese appeals from the dismissal of his Rule 60(b) Motion for Relief from Judgment and Other Relief in the Chancery Court of Lamar County.   Finding that the trial court erroneously ruled that it lacked jurisdiction to hear Kenton's Rule 60(b) motion, but also concluding that the trial court did not err in denying the motion, we affirm in part and reverse in part.

¶2.   On May 1, 2012, Kenton filed his Rule 60(b) Motion for Relief from Judgment and Order and Other Relief.[1]   This Rule 60(b) motion was filed with respect to a judgment of divorce from which Kenton already had perfected an appeal ("first appeal").   At that time, his first appeal was pending in this Court.   In response, his former wife Katherine ("Katye"), filed a motion to dismiss and requested that Kenton be required to pay attorneys' fees.   The trial court denied Kenton's motion for relief and granted Katye's motion to dismiss and request for attorneys' fees on July 20, 2012.   The trial court ruled that the Rule 60(b) motion was not timely and that the court lacked jurisdiction "due to the pendency of the case's appeal to the Mississippi Supreme Court. . . ."   The trial court also found that Kenton's motion was frivolous and without substantial justification and that it was interposed for delay and harassment and, therefore, imposed a $1,000 sanction against Kenton to be applied toward Katye's attorneys' fees.   Kenton again appeals ("second appeal").

## STATEMENT OF FACTS

### *Divorce*

¶3.   The case history pertaining to the parties' divorce is taken from this Court's opinion on Kenton's first appeal:[2]

---

[1]Kenton brought his motion under Mississippi Rule of Civil Procedure 60(a) and 60(b).   Rule 60(a) allows corrections to be made in instances of clerical mistakes in judgments, orders, or other parts of the record.  Kenton does not assert any clerical mistakes; therefore, for the sake of brevity and clarity, we will refer to his motion as a Rule 60(b) Motion.

[2]*McNeese v. McNeese*, 119 So. 3d 264 (Miss. 2013).

Kenton and Katherine ("Katye") McNeese were married on December 9, 2006. They have one child, Hattie, born in January 2009. Katye filed for divorce on October 1, 2010, alleging habitual cruel and inhuman treatment, or in the alternative, irreconcilable differences. The parties agreed to a temporary custody agreement pending trial. On the first day of trial, the parties entered into a consent agreement to an irreconcilable differences divorce. They agreed to let the court determine child custody, visitation, support issues, division of marital assets, and alimony.

Trial was held on April 11, 2011, and June 1, 2011. The chancellor rendered an opinion on September 2, 2011, and granted the irreconcilable differences divorce pursuant to the consent agreement. He granted physical custody of Hattie to Katye, set out the guidelines for visitation, ordered Kenton to pay $588 per month for child support, and divided property between the parties; alimony and attorneys' fees were not awarded to either party.

Katye filed a Motion to Reconsider, Motion for a New Trial, or to Alter or Amend Judgment, and Motion for Stay of Proceedings to Enforce a Judgment on the ground that Kenton had failed to disclose certain items in the required financial disclosures. Kenton did not respond or file a separate motion to reconsider. A hearing on Katye's motion was held on September 29, 2011. On October 12, 2011, the court entered an order specifically addressing the issues raised in Katye's motion to reconsider, then entered an Amended Opinion and Final Judgment to make several clarifications to the original opinion.

By this time, Kenton had fired his attorney. On October 13, 2011, Kenton filed, *pro se*, a Motion to Reconsider, Motion for a New Trial, to Alter or Amend Judgment, and Motion for Stay of Proceedings to Enforce a Judgment, alleging that: (1) he was represented poorly by prior counsel; (2) Katye and others who testified on her behalf had defrauded the court through their perjured testimony; and (3) opposing counsel had violated her oath as an attorney and as a municipal judge. He requested a new trial, new custody arrangements, and that costs and attorneys' fees be assigned to Katye.

At the end of October, Katye remarried her first husband, Michael Graves. Upon learning that Katye had remarried, Kenton wanted to withdraw his consent to the irreconcilable differences divorce. Between November 8 and 17, Kenton filed, *pro se*, seven subpoenas; a Motion for Contempt, Sanctions, and Relief; a Motion to Expunge Order of Withholding; a Motion to Expunge Consent Agreement to Irreconcilable Differences Divorce; and a

3

Cross-Complaint and Counter-Complaint for Divorce. A hearing on Kenton's motion to reconsider took place on November 21, 2011. On January 4, 2012, the chancellor entered a Final Order denying Kenton's motion to reconsider and dismissing or denying all other motions on the grounds of *res judicata* and estoppel. Kenton filed a Notice of Appeal on January 30, 2012.

## DISCUSSION

I.  **Whether the chancellor properly dismissed Kenton's Motion for Relief from Judgment and Order and Other Relief for Lack of Jurisdiction.**[3]

¶4. A chancellor's denial of a post-trial motion under Rule 60(b) is reviewed for abuse of discretion. *City of Jackson v. Jackson Oaks Ltd. P'ship*, 860 So. 2d 309, 311 (Miss. 2003).

*Rule 60(b) Motion for Relief from Judgment and Order and Other Relief*

¶5. The trial court entered its order denying Kenton's Rule 60(b) Motion For Relief, granting Katye's motion to dismiss, and issuing sanctions on July 20, 2012. The trial court explained that, because Kenton had perfected his first appeal of the divorce, the trial court was without jurisdiction to consider his Rule 60(b) motion. Kenton argues that, by failing to grant his Rule 60(b) motion, the trial court "displayed inequality and inconsistency." In support of his argument, Kenton points to the Agreed Order, entered on June 19, 2012.

¶6. In that Agreed Order, the trial court specified how the Final Judgment of Divorce (entered October 12, 2011) was to be carried out. The Agreed Order specified when child

---

[3]This appeal is filed *pro se* by Kenton. Kenton's issues and brief are difficult to discern.

4

support and medical-insurance reimbursements were to be paid and how each party was to satisfy his and her respective payment obligations for delinquent property taxes under the October 12, 2011, Order. Kenton's argument seems to rest on what he believes to be disparate and unfair treatment by the trial court in entering the Agreed Order but dismissing his Rule 60(b) motion. The Court further ruled the motion was untimely and lacked jurisdiction.

¶7. Ordinarily, once a notice of appeal is filed, jurisdiction transfers from the trial court to the appellate court, thereby removing the trial court's authority to amend, modify, or reconsider its judgment. *Corporate Mgmt., Inc. v. Greene County*, 23 So. 3d 454, 460 (Miss. 2009) (citations omitted). However, Kenton requested relief under Rule 60(b) of the Mississippi Rules of Civil Procedure.

¶8. This Court has explained that "the adoption of Miss. R. Civ. P. 60 conferred 'limited concurrent jurisdiction on the trial court to grant relief from a judgment even though an appeal has been perfected.'" *Griffin v. Armana*, 679 So. 2d 1049, 1050 (Miss. 1996) (citing *In re Estate of Moreland v. Riley*, 537 So. 2d 1345, 1347 (Miss. 1989) (citation omitted)). Rule 60(b) allows a party to seek relief from a judgment or order in instances of "mistake, inadvertence, newly discovered evidence, fraud, etc." M.R.C.P. 60(b). "So long as [Kenton] complied with the requirements of Rule 60(b), perfection of his appeal did not divest the trial judge of authority to vacate [his] judgment." *Griffin*, 679 So. 2d at 1050. A party may file his Rule 60(b) motion directly with the trial court not more than six months after the judgment, however, once "the record has been transmitted to the appellate court and the

5

action remains pending therein," leave to make the motion must be obtained from the appellate court. M.R.C.P. 60(b).

¶9. The trial court relied on Rule 4(d) to find that, because Kenton's Rule 60(b) motion was not filed within ten days, it was untimely. Rule 4(d) of the Mississippi Rules of Appellate Procedure provides a list of post-trial motions which, if timely filed, will toll the time for filing a Notice of Appeal. Rule 4(d) states in pertinent part:

> If any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure. . . (5) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Notwithstanding the provisions of Appellate Rule 3(c), a valid notice of appeal is effective to appeal from an order disposing of any of the above motions.

M.R.A.P. 4(d). This Court finds that Rule 4(d) applies to the suspension of the deadline by which to file a Notice of Appeal and does not create a deadline by which to file a Rule 60(b) motion.

¶10. Kenton filed his motion for relief on May 1, 2012, within six months of the final judgment of January 2, 2012. Leave of this Court was not required, because the Rule 60(b) motion was filed prior to the Lamar County Chancery Court mailing the record to the appellate court on May 14, 2012. Because Kenton's Rule 60(b) motion was timely and was filed after his Notice of Appeal, yet prior to the transmittal of the record to the appellate court, we find the trial court erred in finding that it lacked jurisdiction.

6

***Agreed Order***

¶11.    Kenton argues that the trial court lacked jurisdiction to enter the Agreed Order on June 19, 2012, and that the court exhibited bias by entering the Agreed Order, yet denying his Motion for Relief.  Although the trial court found it lacked jurisdiction to grant the relief Kenton requested, it did not discuss whether it had erred by entering the Agreed Order after the Notice of Appeal had been filed.

¶12.    We find that, although an appeal was pending, the trial court had jurisdiction to enter the Agreed Order.  When an appeal is without supersedeas bond, as was the appeal at issue in this case, an appellee may proceed to enforce a judgment.  ***McNeil v. Hester***, 753 So. 2d 1057, 1076 (Miss. 2000).  However, if "a trial court's order broadens, amends, modifies, vacates, clarifies or rehears a decree, 'it must be vacated as null and void because it exceeds the subject matter jurisdiction of the lower court.'" ***Corporate Mgmt., Inc.,*** 23 So. 3d at 460 (citing ***Matter of Estate of Moreland***, 537 So. 2d 1345, 1348 (Miss. 1989).  The Agreed Order specified when child support and medical-insurance reimbursements were to be paid and how each party was to satisfy his or her respective payment obligations for delinquent property taxes under the October 12, 2011, order.  The Agreed Order merely specified how the previous Judgment of Divorce should be satisfied.  Therefore, the chancellor did not broaden, amend, modify, vacate, or clarify the judgment through the Agreed Order.  *See* ***Corporate Mgmt., Inc.***, 23 So. 3d at 460.

¶13.    Furthermore, the trial court did not show bias by entering the Agreed Order and denying Kenton's Motion for Relief.  An agreed order, or consent judgment, is essentially

7

a contract, although it is "given the same force and effect as, judgments rendered after litigation." ***Guthrie v. Guthrie***, 102 So. 2d 381, 383 (Miss. 1958); *see also* ***Riley v. Wiggins***, 908 So. 2d 893, 899 (Miss. Ct. App. 2005) (finding that, "[a]lthough an agreed order or consent decree is in the nature of a contract, it is also a judgment of the issuing court, subject to the court's enforcement powers"). This Court has said that "the power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto. . . ." ***Samples v. Davis***, 904 So. 2d 1061, 1064 (Miss. 2004) (quoting ***Guilford County v. Eller***, 553 S.E.2d 235, 236 (N.C. Ct. App. 2001). Kenton consented to the terms of the Agreed Order. His claim that the trial court exhibited bias by entering the Agreed Order and denying his Motion for Relief is without merit.

## II.   Whether the chancellor erred in denying Kenton's request for findings of fact and conclusions of law.

¶14.   On July 25, 2012, Kenton filed a Request for Findings of Facts and Conclusions of Law to support the trial court's order dismissing his Motion for Relief and Sanctions. Kenton also requested conclusions of law with regard to the Agreed Order. We review a trial court's decision not to make specific findings of fact and conclusions of law on an abuse-of-discretion standard. ***Cox v. Cox***, 976 So. 2d 869, 874 (Miss. 2008) (citing ***Tricon Metals & Servs., Inc. v. Topp***, 516 So. 2d 236, 239 (Miss. 1987)). Rule 52 of the Mississippi Rules of Civil Procedure provides:

> **(a) Effect.** In all actions tried upon the facts without a jury, the trial court shall upon the request of any party . . . find the facts specifically and state separately its conclusions of law thereon and a judgment shall be entered accordingly.

**(b) Amendment.** Upon motion of a party filed not later than ten days after entry of judgment or entry of findings and conclusions, or upon its own initiative during the same period, the court may amend its findings or make additional findings and may amend the judgment accordingly.

M.R.C.P. 52. The trial court denied Kenton's request for findings of fact and conclusions of law, finding no lawful basis for such a request after an Agreed Order. Further, the trial court noted that its Order Denying Defendant's 60(b) Motion for Relief from Judgment and Other Relief and Granting Plaintiff's Motion to Dismiss and Directing Sanctions contained findings of fact and conclusions of law.

¶15. We find the trial court did not abuse its discretion, because adequate findings of fact and conclusions of law were provided in the trial court's order denying Kenton's Rule 60(b) Motion for Relief from Judgment. Furthermore, Kenton has cited no authority which requires a chancellor to provide findings of fact or conclusions of law to support an agreed order. We find this issue is without merit.

### III. Whether the chancellor erred in holding Kenton in violation of Mississippi Rule of Civil Procedure 11.

¶16. This Court reviews a trial judge's award of sanctions under Rule 11 for abuse of discretion. *In re Spencer*, 985 So. 2d 330, 337 (Miss. 2008). "In the absence of a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors, the judgment of the court's imposition of sanctions will be affirmed." *Id.* (quoting *Wyssbrod v. Wittjen*, 798 So. 2d 352, 357 (Miss. 2001) (citations omitted)). Rule 11 states that, if the trial court finds a motion or pleading "is frivolous or is filed for the purpose of harassment or delay, the court may order

9

such a party . . . to pay to the opposing party . . . reasonable expenses . . . ." M.R.C.P. 11. A claim is frivolous when the claimant has no hope of success. *See* ***Leaf River Forest Prods. v. Deakkle***, 661 So. 2d 188, 196-97 (Miss. 1995) (citation omitted).

¶17.    The trial court found that Kenton's Rule 60(b) motion was frivolous. The trial court further found Kenton's Rule 60(b) motion was without substantial justification, that it was interposed for delay and harassment, and that Kenton should have known that he could not relitigate his divorce through his Rule 60(b) motion while the Final Judgment was on appeal before this Court. The trial court ordered Kenton to pay $1,000 to Katye for reasonable fees and costs in defending the motion.

¶18.    Kenton claims that when he filed his Motion for Relief, he believed the trial court had jurisdiction because it had entered an Agreed Order subsequent to his filing a Notice of Appeal. The entry of the Agreed Order could not have been the basis for his filing his motion because his motion was filed **before** the Agreed Order was entered. The issues asserted in his Rule 60(b) motion already had been ruled on by the previous chancellor and found to be without merit.. In fact, Kenton had filed, post divorce, seven subpoenas, three motions, and a Cross-Complaint and Counter-Complaint for Divorce, which were ruled on prior to the first appeal. The trial judge (Chancellor Doleac) stated that he "[would] not undo rulings by Chancellor Fair simply because a litigant would like to try for a more favorable ruling." The trial court also explained that Kenton was asking the chancellor to "review the findings, rulings and judgments previously entered by Chancellor Fair" and that "[s]uch a request is out of order, not allowed by law under the circumstances of record before [the]

10

court at this time, woefully misplaced, and frivolous. Defendant and Movant does not get a 'do over' because this Chancellor has replaced Chancellor Fair in this case."

¶19. This Court finds no abuse of discretion in the award of sanctions against Kenton. The issues presented by Kenton already had been addressed by the trial court and were found to be without merit. Therefore, Kenton could have no hope for success, and the motion was frivolous.

IV.     **Whether the chancellor erred in denying the defendant's motion for a new trial due to his lack of knowledge of the case.**

¶20. Kenton argues that, because the chancellor denied his request for findings of fact and conclusions of law, the chancellor did not review the case thoroughly and was not competent to review his motion. He argues that he is entitled to a new trial on his motion based on the Court of Appeals opinion in ***Boatwright v. Boatwright***, ___ So. 3d. ___ , 2011 WL 5027191 (Miss. Ct. App. Oct. 4, 2011).[4] In ***Boatwright***, the Court of Appeals found that a trial court erred in suggesting that the parties appeal rather than conducting a new trial on the merits. *Id.* at *2. The Court of Appeals explained that, when a judge is unable to perform the duties to be performed by the court, "then any other judge regularly sitting in or assigned under law to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial." *Id.* (quoting M.R.C.P. 63(b)). Kenton's assertion that Chancellor Doleac failed to review the

_____

[4]The Court of Appeals denied rehearing on August 21, 2012. This Court granted certiorari on November 19, 2012. Thereafter, the Court dismissed certiorari and the mandate issued on February 21, 2013.

11

case thoroughly before denying his Motion for Relief is not supported by the record. The motion hearing transcript, as well as the order denying Kenton's Motion for Relief, indicate that the chancellor had sufficiently reviewed the record in the case and had prepared sufficiently to rule on the motion. This issue is without merit.

**V.      Whether the chancellor erred in finding the divorce was final.**

¶21.    Kenton appears to argue, as he did in his first appeal, that his divorce was not final and, therefore, Katye committed bigamy when she remarried her first husband on October 29, 2011, while Kenton's post-trial motion (filed October 13, 2011) was pending. Rule 62 provides that "no execution shall be issued upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after the later of its entry or the disposition of a motion for new trial." M.R.C.P. 62(a). Rule 62(b) provides that "[i]n its discretion . . . the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60(b)." As the trial court explained, in its order denying Kenton's Rule 60(b) motion, "a stay of execution on a judgment is not the same thing as a stay of the judgment itself." The trial court did not err in its discussion of this issue, and the issue was addressed by this Court in Kenton's first appeal. *See **McNeese v. McNeese**,* 119 So. 3d 264 (Miss. 2013). We find that the issue is without merit.

**CONCLUSION**

¶22. Finding no reversible error, we affirm the chancellor's denial of Kenton's Motion for Relief and award of attorneys' fees under Rule 11 of the Mississippi Rules of Civil Procedure.

¶23. **AFFIRMED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**