# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-EC-00909-SCT

*IN RE: CONTEST OF THE NOVEMBER 5, 2019
GENERAL ELECTION FOR THE CHANCERY
CLERK OF QUITMAN, MISSISSIPPI: BRENDA A.
WIGGS AND T. H. "BUTCH" SCIPPER*

*v.*

*SHIRLEY SMITH TAYLOR AND TEA
"WINDLESS" KEELER*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/15/2020 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | MARGARETTE MEEKS |
| | JAMIE F. JACKS |
| | DANIEL J. GRIFFITH |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JAMIE F. JACKS |
| | DANIEL J. GRIFFITH |
| ATTORNEY FOR APPELLEES: | MARGARETTE  MEEKS |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 12/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.

## CHAMBERLIN, JUSTICE, FOR THE COURT:

¶1. In July 2020, after finding that Shirley Smith Taylor and Tea "Windless" Keeler pursued six frivolous claims, the Quitman County Circuit Court dismissed Taylor's and Keeler's election contests with prejudice and denied Brenda A. Wiggs's and T.H. "Butch"

Scipper's request that Taylor and Keeler be sanctioned and that Wiggs and Scipper be awarded attorneys' fees under Mississippi Rule of Civil Procedure 11(b) and the Litigation Accountability Act of 1988 (LAA). We affirm in part the circuit court's denial of an award of attorneys' fees under Rule 11(b) since the court's decision was not an abuse of discretion. We reverse and remand in part the circuit court's decision to deny the imposition of sanctions and award of attorneys' fees under the LAA in light of its finding that six of Taylor's and Keeler's claims were frivolous.

**FACTS AND PROCEDURAL HISTORY**

¶2.     After losing their bids for the November 2019 elections for Quitman County Chancery and Circuit Clerk, Taylor and Keeler, respectively, filed election contests in the Quitman County Circuit Court. In July 2020, following a two-day trial of the consolidated election contests, the court entered its Findings of Fact and Conclusions of Law, dismissing the election contests with prejudice and finding that six enumerated claims brought by Taylor and Keeler were frivolous.

¶3.     The circuit court remarked, "[w]hether to grant attorney fees and costs concerning these six frivolous claims is a close question in this case." However, the circuit court also recalled that "evidence concerning several of the other allegations within the original petition *was* offered in support of those allegations, both at the final hearing and during the discovery phase of the case." Therefore, the court determined that the unenumerated claims were not frivolous and declined to award monetary sanctions in toto, instead opting to admonish Taylor, Keeler and their attorneys for pursuing meritless allegations. The circuit court later

2

entered its final judgment dismissing the actions with prejudice, and Wiggs and Scipper filed a notice of appeal in August 2020, appealing only the circuit court's denial of their request for attorneys' fees.

## ISSUE ON APPEAL

¶4.     The sole issue on appeal is whether the circuit court erred by denying Wiggs's and Scipper's request for attorneys' fees under Mississippi Rule of Civil Procedure 11(b) and Mississippi Code Section 11-55-5(1) (Rev. 2019).[1]

## STANDARD OF REVIEW

¶5.     The "Court reviews a trial judge's award of sanctions under Rule 11 for abuse of discretion." *McNeese v. McNeese*, 129 So. 3d 125, 130 (Miss. 2013) (citing *In re Spencer*, 985 So. 2d 330, 337 (Miss. 2008)).  Likewise, the Court "reviews a trial court's award of attorney's fees under the Litigation Accountability Act for an abuse of discretion." *Kuhn v. High*, 302 So. 3d 630, 640 (Miss. 2020) (internal quotation mark omitted) (quoting *Guardianship of O.D. v. Dillard*, 177 So. 3d 175, 182 (Miss. 2015)).  But "[w]hen the imposition of attorney's fees raises a question of law, the standard of review is *de novo*." *Dillard*, 177 So. 3d at 175 (citing *Amiker v. Drugs For Less, Inc.*, 796 So. 2d 942, 945-46 (Miss. 2000)).  Finally, the "Court applies a de novo standard of review to questions of statutory interpretation." *Finn v. State*, 978 So. 2d 1270, 1272 (Miss. 2008) (citing *Cap. One Servs. v. Page*, 942 So. 2d 760, 762 (Miss. 2006)).

---

[1] Taylor and Keeler argue at length in their brief that the circuit court erred by determining that six of their claims against Wiggs and Scipper were frivolous.  But Taylor and Keeler never appealed those findings.  As a result, we decline to address Taylor's and Keeler's frivolous-claims argument.

## DISCUSSION

¶6.    We affirm in part the circuit court's denial of an award of attorneys' fees under Rule 11(b) because the circuit court did not abuse its discretion.  But the circuit court erred as a matter of law by declining to award attorneys' fees under Mississippi Code Section 11-55-5(1) after it found that Taylor and Keeler had pursued six frivolous claims.  Accordingly, we reverse the circuit court's decision in part and remand for further proceedings to determine the reasonable amount of attorneys' fees and costs to be awarded.

**I.      Whether the circuit court erred by denying sanctions under Rule 11(b).**

¶7.    In light of the permissive, discretionary standard for a trial court's award or denial of attorneys' fees under Rule 11(b) of the Mississippi Rules of Civil Procedure, we affirm the circuit court's denial of attorneys' fees under Rule 11(b).  Rule 11(b) of the Mississippi Rules of Civil Procedure provides that

> If a pleading or motion is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false, and the action may proceed as though the pleading or motion had not been served.  For wilful violation of this rule an attorney may be subjected to appropriate disciplinary action.  Similar action may be taken if scandalous or indecent matter is inserted.  If any party files a motion or pleading which, in the opinion of the court, is *frivolous* or is filed for the purpose of harassment or delay, the court *may order* such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.

Miss. R. Civ. P. 11(b) (emphasis added).

¶8.    Under the applicable abuse-of-discretion standard of review, absent a definite, firm conviction that a trial court "committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors, the judgment of the court's imposition of sanctions will

4

be affirmed." *McNeese*, 129 So. 3d at 130-31 (internal quotation mark omitted) (quoting *In re Spencer*, 985 So. 2d at 337)). Though the circuit court clearly found that six of the claims pursued by Taylor and Keeler met "the statutory definition of frivolous," since "there was no proof in fact or support in law for these claims when the Petitions were filed and Petitioners have offered little such proof as to these claims at any stage of this litigation," the court went on to note that several other allegations in the petition did have supporting evidence. In light of the supporting evidence, the court found them, while without legal merit, not to be frivolous. Based on this finding, the court declined to award monetary sanctions, instead admonishing Taylor and Keeler for pursuing meritless allegations.

¶9. In its Findings of Fact and Conclusions of Law, the circuit court made clear that it weighed Taylor's and Keeler's pursuit of six frivolous claims, on the one hand, with Taylor's and Keeler's ability to provide evidence for other claims in the petition, on the other, and therefore declined to exercise its discretion under Rule 11(b) to impose monetary sanctions upon Taylor and Keeler. Since the circuit court's judgment does not create a definite, firm conviction that the court committed a clear error in judgment, we affirm in part the circuit court's decision to deny monetary sanctions under Rule 11(b).

## II. Whether the circuit court erred by denying sanctions under the LAA.

¶10. The LAA, unlike Rule 11(b), *commands*, rather than permits, an award of attorneys' fees following a finding that a party has brought frivolous claims. We therefore hold that the circuit court erred by denying Wiggs's and Scipper's request for attorneys' fees under the LAA. Mississippi Code Section 11-55-5(1) provides that

5

Except as otherwise provided in this chapter, in any civil action commenced or appealed in any court of record in this state, the court *shall award*, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is *without substantial justification*, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5(1) (Rev. 2019) (emphasis added). Further, and as recognized by the circuit court, Mississippi Code Section 11-55-3(a) provides that "'[w]ithout substantial justification,' when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that it is *frivolous*, groundless in fact or in law, or vexation, as determined by the court." Miss. Code Ann. § 11-55-3(a) (Rev. 2019) (emphasis added).

¶11. The clear, unambiguous language of Section 11-55-5(1) does not afford discretion to a trial court in awarding attorneys' fees after it makes a finding that a party brought frivolous claims, but instead mandates the award. "When a statute is unambiguous and conveys a clear and definite meaning, th[e] Court follows its plain terms." *Nissan N. Am., Inc. v. Tillman*, 273 So. 3d 710, 714 (Miss. 2019) (alteration in original) (internal quotation marks omitted) (quoting *Lutz Homes, Inc. v. Weston*, 19 So. 3d 60, 62 (Miss. 2009)). Furthermore, "[c]ourts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature." *Id.* at 715 (internal quotation marks omitted) (quoting *Miss. State & Sch. Emps.' Life & Health Plan*

***v. KCC, Inc.***, 108 So. 3d 932, 936 (Miss. 2013)). No party has alleged that Mississippi Code Section 11-55-5(1) is ambiguous, and we find no ambiguity in the statute.

¶12. Indeed, the application of the language of Section 11-55-5(1) is formulaic: if the court finds that a claim brought by a party is without substantial justification, which includes frivolous claims per Section 11-55-3(a), then the trial court shall award reasonable attorneys' fees and costs against the party asserting a frivolous claim. Use of the mandatory phrase "shall award" in Section 11-55-5(1) is neither permissive nor indicative of a discretionary standard that may exist had the Legislature instead chosen the phrase "may award." *See* ***Tunica Cnty. v. Hampton Co. Nat'l Sur., LLC***, 27 So. 3d 1128, 1135-36 (Miss. 2006) ("In statutory interpretation, the term 'may' indicates a permissive term, not a mandatory term, such as the term 'shall' would indicate." (citing ***Weiner v. Meredith***, 943 So. 2d 692, 694 (Miss. 2006))). Therefore, after a court finds a claim or claims frivolous, Section 11-55-5(1) leaves but one option: "award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs" against the party bringing the frivolous claims. Miss. Code Ann. § 11-55-5(1). The circuit court, after finding Taylor's and Keeler's six claims to have been frivolous, erred by determining that the award of attorneys' fees remained within its discretion under Section 11-55-5(1). Therefore, we reverse the circuit court's decision in part with respect to its denial of attorneys' fees under the LAA, and we remand for further proceedings to determine the amount of costs and reasonable attorneys' fees owed to Wiggs and Scipper.

**CONCLUSION**

¶13. Because the circuit court did not abuse its discretion by denying an award of attorneys' fees under the Rule 11(b) standard, we affirm in part the circuit court's judgment. But because the circuit court erred in its application of the LAA by failing to impose sanctions on Taylor and Keeler for bringing six frivolous claims, we reverse in part the circuit court's judgment, and we remand the case for proceedings to determine the amount of costs and reasonable attorneys' fees owed to Wiggs and Scipper.

¶14. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**